IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MELTON CULBERSON                                                          PLAINTIFF

v.                                    CASE NO. 1:25-CV-01045-SOH

ANDREW REYNOLDS and
HOUSTON BRADSHAW                                                       DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for all pretrial matters. Currently before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. (ECF No. 10).

### I.    BACKGROUND

Plaintiff, Melton Culberson ("Culberson"), brings this case under 42 U.S.C. § 1983 against 13th Judicial District Drug Task Force ("DTF") agents Andrew Reynolds ("Separate Defendant Reynolds") and Houston Bradshaw ("Separate Defendant Bradshaw," and collectively with Separate Defendant Reynolds, "Defendants"). (ECF No. 1). Culberson alleges Defendants unlawfully searched his phone and seized his vehicle. (*Id.*).

On July 28, 2025, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging that the DTF is not a legal entity capable of being sued and that Plaintiff's claims against Defendants in their official capacities should be dismissed. (ECF No. 10). On August 1, 2025, the Plaintiff filed a response in opposition to the motion essentially reiterating the allegations contained in his Complaint. (ECF No. 17).

## II.     APPLICABLE LAW

The Federal Rules of Civil Procedure require that motions, including Rule 12(b) defenses, "shall be made before pleading if a further pleading is permitted." Fed. R. Civ. P 12(b). And, while we note that the Defendants did reference their 12(b)(6) claim in their answer, their motion was filed after their Answer. (ECF No. 9, 10). The Eighth Circuit, noting that failure to state a claim is also a defense that can be advanced in a motion for judgment on the pleadings under Rule 12(c), has treated a post-answer Rule 12(b)(6) motion as a Rule 12(c) motion. *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). This distinction is purely formal, because 12(c) motions are reviewed under the same standard governing 12(b)(6) motions. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

A court may grant a motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings "only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). To survive, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, the court holds "a pro se complaint, however inartfully pleaded, ... to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even with this liberal

construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A suit against a public official in their official capacity is, in all respects, a suit against the entity for which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (quoting *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006)). Thus, to sustain an action against a public official in their official capacity, one must prove that the entity "*itself* caused the constitutional violation at issue." *Elder-Keep*, 460 F.3d at 986.

Capacity to sue or be sued is typically determined by the law of the state in which the district court is located. Fed. R. Civ. P. 17(b). In Arkansas, an entity does not have the capacity to sue or be sued unless it is incorporated or has been granted statutory authority to sue. *See Fausett & Co. v. Bogard*, 285 Ark. 124, 126 (1985); *see also Pate v. Martin*, 13 Ark. App. 182, 186-87 (1985) (a partnership is not a legal entity capable of being sued). Thus, a group of persons simply working together for a common purpose must be found to have legal existence before the question of capacity to sue or be sued can arise. *Brown v. Fifth Judicial Dist. Drug Task Force*, 255 F.3d 475, 477 (8th Cir. 2001) (citing *Roby v. The Corporation of Lloyd's*, 796 F.Supp. 103, 109–10 (S.D.N.Y.1992), *aff'd* 996 F.2d 1353 (2d Cir.), *cert. denied,* 510 U.S. 945, (1993)). The United States Court of Appeals for the Eighth Circuit has held that a drug task force is not a separate legal entity subject to suit unless the creating agencies established it as such. *Id*.

### III.    ANALYSIS

Culberson does not make clear whether he sues Defendants in their individual capacities, official capacities, or both. (ECF No. 1). Defendants are, however, agents with the DTF, a multi-jurisdictional task force established to investigate and prosecute drug offenses in six counties.

3

(ECF No. 10). Arkansas Code Annotated § 12-17-101(4) states, "'Multi-jurisdictional drug crime task force' means an association consisting of a minimum of two (2) law enforcement agencies and one (1) prosecuting attorney acting by agreement to jointly investigate and prosecute drug crimes in a defined geographic area or judicial district." The DTF is overseen by the Prosecuting Attorney for the 13th Judicial District. According to the Defendants, it is an unincorporated entity with no statutory authority to sue or be sued.

Because the record contains no evidence to the contrary, we find that the Plaintiff has failed to show that the DTF has the capacity to be sued. *Brown*, 255 F.3d at 477. As such, the Defendant's Motion to Dismiss should be granted.

## IV. CONCLUSION

For the reasons discussed above, it is RECOMMENDED that the Defendant's Motion to Dismiss (ECF No. 10) be **GRANTED** and Plaintiff's official capacity claims against the Defendants be **DISMISSED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of October 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE